GAUSS-LANGENBERG HAT CO. v. ALLUMS et al. (No. 67.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 28, 1916. On Motion for Rehearing, March 2, 1916.)

1. JUDGMENT ☞787 — PRIORITY BETWEEN JUDGMENTS AND CONVEYANCES—ERRONEOUS DESCRIPTION IN CONVEYANCE.

Though a deed executed and delivered before the recovery of a judgment against the grantors described the property as lots 2 and 3 in block 2, instead of block 1, it conveyed the property and passed the title to the grantees; and the fact that a new deed was subsequently executed to correct the description did not change the legal status of the grantor and grantee, especially where the grantee took immediate possession of the land intended to be conveyed upon execution of the first deed, and hence the judgment lien did not attach to the land.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. ☞787.]

2. PARTNERSHIP ☞68(1) — CONVEYANCE TO PARTNERSHIP—LEGAL TITLE IN PARTNER.

A deed to C. R. H. & Co., a firm incapable of holding title, and composed of C. R. H. and another, placed the title in C. R. H. in trust for the firm or partnership.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 101–107, 109–111; Dec. Dig. ☞68(1).]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by J. J. Allums and another against the Gauss-Langenberg Hat Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

B. L. Aycock, of Kountze, for appellant. Coe & Coe and Singleton & Nall, all of Kountze, for appellees.

MIDDLEBROOK, J. Briefly stated, this was an injunction suit brought by J. J. Allums and C. R. Hooks, composing the firm of C. R. Hooks & Co., to enjoin the sale of lots Nos. 2 and 3, in block No. 1, Williams' addition to the town of Kountze. A temporary injunction was granted, and upon final hearing the injunction was perpetuated. Hooks & Co. bought the property described on the 17th day of May, 1907, from L. G. Roberts and wife, Dora Roberts, and the deed was duly recorded. They paid $1,500 for the lot and store building which stood upon it, and immediately went into possession of the property, having at the same time purchased the stock of goods then in the building, and Hooks & Co. proceeded with the business and was the occupant of said building and property at the time of the bringing of the suit, still doing business there. In December, 1908, appellant, Gauss-Langenberg Hat Company, secured a judg-

ment against L. G. Roberts & Son, a partnership composed of L. G. Roberts and Hooks Roberts. In January, 1909, this judgment was abstracted and recorded in Hardin county, Tex. About November 1, 1909, it was discovered that in the conveyance by Roberts and his wife to Hooks & Co., they had misdescribed the lots to be sold, in this: In that deed the lots were described as lots 2 and 3 in block 2, whereas the property should have been described as lots 2 and 3 in block No. 1. The second deed, which was executed on the 1st day of November, 1909, stipulates upon its face:

"This is intended as a correcting deed and to correct the description in a deed made by the same grantors to the same grantees on the 17th day of May, A. D. 1907, which said deed is recorded in volume 47, page 174 et seq., Deed Records of Hardin County, Texas; the property intended to be conveyed by said former deed was and is the same property described in this deed, but erroneously described in said former deed as being in block No. 2, instead of block No. 1, where the property is in fact situated."

There are several assignments presented in appellant's brief, but for a disposition of this case it is necessary only to pass upon one proposition presented to this court, which is presented by appellant under different assignments.

[1] The principal contention of appellant in the case is that its judgment lien attached to the property described in the correction deed, and that, that deed being executed after the abstract and record of its judgment in January before, the property was therefore subject to said lien. We do not understand such to be the law. Under the facts of this case, the property was conveyed and the title of L. G. Roberts therein passed to Hooks & Co. in May, 1907, before the judgment in behalf of appellant was obtained in December, 1908. The fact that it was afterwards found that the property described in the original deed was erroneously described, and a new deed executed, which stated that it was for the purpose of correcting the description, would in no wise change the legal status of the vendor and the vendee of the lots, and especially is this true since the grantee went into immediate possession of the very property he bought and the identical property described in the correction deed. Under such statement of facts, no one could be misled, lose any rights, or suffer any injury by reason of the existing judgment and abstract and the record of the same prior to the time of the execution of the correction deed.

[2] Appellant claims, also, that because the deed was made to C. R. Hooks & Co., no title passed out of Roberts to Hooks & Co., because Hooks & Co., being a firm, was incapable of holding title to the property. We think the proper construction to be placed upon this is that C. R. Hooks, one of the members of the partnership or firm, did hold the title of the property in trust for the firm or partnership. Supporting both of these propositions, see Lindsay v. Jaffray, 55 Tex. 626. The undisputed evidence in this case showing that the title to the property sought to be levied upon by appellant, under its judgment lien, having, long before the securing of the judgment, passed out of Roberts into Hooks & Co., the lien did not and could not attach to said property. This being true, it is unnecessary to consider or pass upon any other assigned errors in this case.

The case is affirmed.

### On Motion for Rehearing.

Appellant, in its motion for rehearing, insists that this court erred in not passing upon and rendering an opinion as to appellant, Larned-Carter & Co. Larned-Carter & Co.'s rights and benefits depended upon the same propositions of law as do the rights of the Gauss-Langenberg Hat Company. No separate briefs are filed, and our disposition of the case in the original opinion is a full disposition of it as to Larned-Carter & Co.

The motion for rehearing is overruled.